UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF MISSOURI

| | |
|---|---|
| JBP HOTELS, LLC, | ) |
|                                **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **Civil Action No:** |
| AMGUARD INSURANCE COMPANY | ) |
|                                **Defendant.** | ) |
| | ) |
| **Serve at:** AmGUARD Insurance Company | ) |
|          c/o Director of Insurance | ) |
|          301 W. High Street, Room 530 | ) |
|          Jefferson City, Missouri 65101 | |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

**COMES NOW**, JBP Hotels, LLC ("Plaintiff", herein), and for its complaint against AmGUARD Insurance Company ("AmGUARD", herein) states and alleges as follows:

1. Plaintiff brings this Complaint for Damages and for Declaratory Judgment pursuant to 28 U.S.C. §§2201 and 2202 (Declaratory Judgments), Missouri Supreme Court Rule 87.01 *et seq.* (Declaratory Judgments) and Mo. Rev. Stat. § 527.010 *et seq.* (the Uniform Declaratory Judgment Act), seeking a determination of this Court as to whether there is or is not any coverage under a Homeowners Policy issued to Plaintiff, for any loss relating to a claimed hail and weather event which allegedly occurred at a property owned by Plaintiff, located at 4200 Noland Rd., Independence, Missouri 64055 (hereinafter " Plaintiff's Property" or "the Insured Property"), which occurred on or about March 6, 2017.

## PARTIES

2. Plaintiff is a Missouri Limited Liability Company, doing business in Missouri, with a registered office located at 601 NW Jefferson St., Blue Springs, Missouri 64014.

1

3. Defendant is a Foreign Corporate Insurance Company, with its principal place of business in Pennsylvania, and is non-resident doing business within the state of Missouri, which may be served at: AmGUARD Insurance Company, c/o Director of Insurance, 301 W. High Street, Room 530, Jefferson City, Missouri 65101.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. C. § 1332 (diversity of citizenship), because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, for the reason that Plaintiff is a Missouri Limited Liability Corporation with its principle place of business within this District, and because this matter involves the question of insurance coverage for property located in this District.

6. Plaintiff designates Kansas City, Missouri as the place of trial.

**FACTS COMMON TO ALL COUNTS**

7. Defendant AmGUARD issued a BizGuard Plus Businessowner's Policy of Insurance (hereinafter "Policy") to Plaintiff, policy number JBBP716562, with a policy period of July 14, 2016 to July 14, 2017.

8. A correct and accurate copy of the Policy is attached hereto as Exhibit A, and the terms, conditions, and exclusions contained in the Policy are incorporated herein for all purposes as if set out in full.

9. Plaintiff is the named insured under the Policy.

10. Section I – Property Coverages and Limits of Insurance lists the insured location as: "4200 S. Noland Rd., Independence, Missouri 64055-4739, Jackson County".

11. Plaintiff's Property is a covered property under the Policy.

12. Plaintiff's Property is either a building or structure as defined by the Policy under Section I of the Policy.

13. Pursuant to the Policy, Plaintiff paid insurance premiums to effect insurance coverage of Plaintiff's Property for all damages covered under the Policy. Plaintiff made timely and full payments of the Policy Premiums from the effective date of the policy. The Policy remained in effect through the dates of the loss events described herein.

14. The Policy is an "Occurrence Policy", which provides coverage for claims occurring during the Policy Period.

15. The Policy is an "All-Risk" Policy, which provides that AmGUARD will insured against all risks of accident direct physical loss unless the loss is: excluded in Paragraph B. Exclusions in Section 1; or, limited in Paragraph 4, Limitations in Section I.

16. Under the terms of the Policy windstorm or hail damage are covered causes of loss.

17. Windstorm and hail damage are risks that are insured against under the terms of the policy.

18. The Policy limits coverage for loss to the interior of the property caused by rain, snow, sleet, sand or dust, whether driven by wind or not. However, further clarifies that this limitation does not apply when the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

19. On or about March 6, 2017 severe hail and wind storms struck the Jackson County, Missouri area (hereinafter the "March 2017 Storm") that encompasses Plaintiff's Property.

20. A Hail Impact Report, indicated that on March 6, 2017 a severe thunderstorm developed over Plaintiff's Property that produced up to 2.50" hail with winds up to 75 mph. (Hail Impact Report attached as Exhibit B).

21. As a result of the March 2017 Storm, the Plaintiff's Property sustained substantial damages.

22. Plaintiff consulted with Independent Adjusters Group (IAG) after the storm to determine the extent of damages incurred as a result of the March 2017 storm.

23. It was the conclusion of IAG that Plaintiff's Property exhibited damages to the metal roofing, shingle roofing, gutters, stucco, and foam insulation under the thermoplastic olefin (TPO) flat roof.

24. IAG also concluded that the HVAC system on the roof of Plaintiff's Property suffered substantial damages and was in need of repair or replacement.

25. Water intrusion and interior water damage over the banquet hall of Plaintiff's Property was also noted by IAG during inspection and appraisal.

26. Plaintiff has suffered lost business income and loss of business expectancy due to the disrepair of the roofing structure and water damage to banquet hall.

27. Plaintiff, by and through IAG, submitted a proof of loss and estimate for damages to AmGUARD in December 2017.

28. Hail and wind damages are "covered perils" under the Policy.

29. IAG estimated that the damages caused by windstorm and hail to Plaintiff's property totaled $651,913.99 in RCV and $608,534.47 in ACV.

30. Plaintiff submitted a request for coverage and proof of loss to AmGUARD in December 2017 for damages it alleged stemmed from the March 2017 storm.

31. AmGUARD enlisted the services of Donan Engineering and Engle Martin & Associates to inspect, adjust and provide an engineering report regarding the damages alleged by Plaintiff.

32. On March 9, 2018, Engle Martin & Associates wrote to Plaintiff and/or his IAG representatives stating that they were in receipt of Donan Engineering's Report (the "Donan Report") and advising that AmGUARD needed to review the report prior to providing them with and further claim directive.

33. Donan Engineering completed its inspection and report prior to March 9, 2018.

34. On March 12, 2018, Plaintiff's IAG adjuster wrote AmGUARD and/or its agents requesting a full copy of the Donan Report. The IAG adjuster further demand payment of the ACV value submitted or a letter of explanation for why AmGUARD continued to withhold policy benefits.

35. After receiving no response from AmGUARD and/or its agents, Plaintiff's IAG adjuster wrote again on March 22, 2018 requesting full copies of the Donan Report and a decision regarding coverage.

36. Again, on March 29, 2018, after receiving no response from AmGUARD or its agents, Plaintiff's IAG representative wrote another letter demanding ACV payment and copies of the Donan Report.

37. On April 6, 2018, Engle Martin & Associates wrote communicated to Plaintiff and or its IAG representatives that it had requested permission to release the Donan Report and stated that they will notify IAG once they receive further direction from AmGUARD.

38. The Plaintiff and its IAG representative had not received a copy of the Donan Report nor a decision on coverage by April 19, 2018, initiating another letter being sent from IAG to AmGUARD demanding ACV payment and production of the Donan Report.

39. On May 18, 2018, having still received no response for ACV demand and a copy of the Donan Report, Plaintiff by and through his IAG adjuster requested payment and a copy of the report for the fifth time.

40. Plaintiff hired the undersigned counsel, Boyd Law Firm, LLC, in July of 2018 to obtain a decision regarding coverage and a copy of the Donan Report.

41. A letter was sent on July 23, 2018 to AmGUARD and its parent company, demanding payment or a decision regarding coverage along with a copy of the Donan Report within thirty days.

42. AmGUARD responded two months later via a letter dated September 24, 2018, denying Plaintiff's claim and citing conclusions made in the Donan Report. (Attached as Exhibit C)

43. The AmGUARD letter dated September 24, 2018 was the first time Plaintiff or his representatives were informed of any content of the Donan Report.

44. AmGUARD has never provided a full copy of the Donan Report for Plaintiff or his representatives to evaluate whether AmGUARD was reasonable in denying Plaintiff's claims under the policy.

45. Upon its best information and belief, Plaintiff believes that the Donan Report includes information and conclusions that are favorable to its claim and that AmGUARD and/or its Agents have intentionally omitted this language in denying coverage and have overtly taken action to avoid producing copies of the Donan Report and the conclusions made therein.

46. Additional requests for production of the Donan Report have been submitted to AmGUARD and/or its Agents on October 3, 2018 and December 18, 2018; however, AmGUARD continues to deny Plaintiff a copy of the Donan Report.

47. AmGUARD's decision on coverage occurred nearly nine months after Plaintiff and IAG submitted proof of loss and estimate for damages.

48. As a result of the delay in providing a decision on coverage, Plaintiff's property suffered additional damages and continues to suffer ongoing damages.

49. Plaintiff now brings this action in order for the Court to make a determination on coverage.

## COUNT ONE – DECLARATORY RELIEF

50. Plaintiff restates, realleges and incorporates Paragraphs 1-49 above.

51. A judiciable controversy has arisen between the parties such that this claim for declaratory judgment is proper pursuant to 28 U.S.C. §§2201 and 2202 (Declaratory Judgments), Missouri Supreme Court Rule 87.01 *et seq.* (Declaratory Judgments) and Mo. Rev. Stat. § 527.010 *et seq.* (the Uniform Declaratory Judgment Act).

52. Defendant issued the Policy in favor of Plaintiff and, in exchange for Plaintiff's payment of premiums, agreed to compensate Plaintiff for losses covered under the Policy.

53. Plaintiff seeks coverage under the contract for losses incurred as the result of wind and hail storm damage which occurred in March 2017, a covered peril pursuant to the Policy.

54. Despite a timely and proper tender of claim for damage to Plaintiff's Property, AmGUARD has refused to compensate Plaintiff for the damages.

55. Defendant breached the Policy by failing to provide coverage to Plaintiff for losses incurred as the result of the storm described herein, and failed to fully and properly compensate Plaintiff for those losses pursuant to the Policy.

56. Missouri Supreme Court Rule 87.02 provides that "[a]ny person interested under a… written contract, or other writings constituting a contract… may have determined any question of construction or validity arising under the instrument… and obtain a declaration of rights, status or other legal relations thereunder."

57. Pursuant to Mo. Stat. § 527.010-.130 (Declaratory Judgments), this Court may declare the rights, status and other legal relations of the parties.

58. Plaintiff requests that this Court declare the rights of the parties under the Policy. Specifically, Plaintiff requests that this Court declare that Defendant AmGUARD is required, under the terms of the Policy, to provide coverage and payment for losses sustained to Plaintiff's Property, which requires full replacement value of the damaged property.

## COUNT TWO – BREACH OF CONTRACT

59. Plaintiff restates, realleges and incorporates Paragraphs 1-58 above.

60. Plaintiff and AmGUARD entered into a binding and legal contract of insurance.

61. AmGUARD provided insurance coverage to Plaintiff and in exchange for such coverage, Plaintiff paid premiums to AmGUARD in full and when due.

62. Plaintiff has performed all of its obligations under the Policy.

63. Despite a timely and proper tender of claim for damage to the Plaintiff's Property, AmGUARD has refused to compensate Plaintiff for the aforesaid damages.

64. AmGUARD's failure to provide coverage and payment for Plaintiff's loss constitutes a material breach of the parties' contract.

65. As a direct and proximate result of said breach, Plaintiff has suffered damages in excess of $650,000.00, to be proven with greater certainty at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant State Farm Fire and Casualty Company in an amount exceeding $75,000.00 for damages that Plaintiff incurred due to Defendant's breach of contract and such other and further relief as the Court deems just and proper.

**COUNT THREE- VEXATIOUS REFUSAL TO PAY PLAINTIFF'S CLAIM**

66. Plaintiff restates, realleges and incorporates Paragraphs 1-65 above.

67. The sum of damages demanded by Plaintiff as a result of the March 2017 Storm remains unpaid.

68. The failure by Defendant to pay Plaintiff's claim for the property loss reference above was and is vexatious and without reasonable cause or excuse and is in violation of the provisions of the aforesaid Policy of insurance.

69. Defendant AmGUARD negligently, grossly, recklessly, and/or intentionally failed to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiff's claim for loss and damage under the Policy, all without reasonable cause or excuse.

70. AmGUARD retained improper, unqualified and/or outcome-oriented experts to render opinions about the claim which were favorable to AmGUARD, without reasonable cause or excuse.

71. AmGUARD vexatiously refused to pay Plaintiff's insurance claim.

72. AmGUARD vexatiously delayed providing a coverage decision on Plaintiff's insurance claim for a period that violates Missouri regulations regarding proper claims practices and good faith. See MO Rev. Stat. § 375.1007.

73. AmGUARD's actions exhibiting bad faith and/or vexatious claims practices include but are not limited to:

a. AmGUARD failed to acknowledge with reasonable promptness pertinent communications with respect to Plaintiff's claims arising under the Policy;

b. AmGUARD failed to adopt and implement reasonable standards for the prompt investigation and settlement of Plaintiff's claims arising under the Policy;

c. AmGUARD failed to attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim when liability became reasonably clear;

d. AmGUARD failed to affirm or deny coverage of Plaintiff's claims within a reasonable time after proof of loss had been submitted and communicated to AmGUARD.

e. AmGUARD maintains silence in regards to demands for the Donan Report which it relied upon in denying Plaintiff's claims, which has compelled Plaintiff to institute suit to recover amounts due under its policy.

f. AmGUARD has failed to provide to provide an accurate explanation of the basis for its denial of Plaintiff's claim.

74. That Plaintiff is entitled to an additional sum not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars, plus reasonable attorney fees and expenses.

75. That Plaintiff has retained The Boyd Law Firm, LLC, to assist him in pursuing payment of his insurance claim through a declaratory action.

76. That Plaintiff has incurred financial loss to undertake temporary repairs of its damages and in order to continue operation of its business, which have resulted from Defendant's vexatious refusal to pay its insurance claim.

77. That Plaintiff will incur additional attorney fees in this matter in connection with the representation it is receiving in this litigation.

78. That Plaintiff is due statutory interest from and after the date of Defendant's demand for payment.

WHEREFORE, Plaintiff asks the Court:

1. For a Judgment declaring that Defendant, AmGUARD Insurance Company, has breached its obligations under its insurance contract with Plaintiff, and that Defendant is required to provide coverage and payment for losses sustained to Plaintiff's Property which requires payment of full replacement value; and,

2. For judgment against Defendant, AmGUARD Insurance Company for breach of contract, in an amount in excess of $75,000.00;

3. For Judgment that the denial of coverage by Defendant AmGUARD Insurance Company was and continues to be vexatious in nature;

4. For Plaintiff's costs and disbursements. And for statutory penalties and reasonable attorneys' fees and for such other and further relief as the Court deems just and equitable.

## JURY REQUEST

Plaintiff requests a jury on fact issues, if any, herein.

**THE BOYD LAW FIRM, LLC**

By:/s/ Daniel Boyd_____
Daniel L. Boyd, No. 63578
10249 Larsen St.
Overland Park, Kansas 66214
T: (816) 721-8214
F: (913) 498-9596

11

Case 4:19-cv-00076-BP   Document 1   Filed 02/01/19   Page 11 of 12

Daniel@Boyd-LawKC.com
Attorney for Plaintiff